# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| JARREN AUSTIN, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CV-82-HAB |
| | ) | |
| AUTO HANDLING CORPORATION, et al., | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

Is late better than never? That is the question posed by the briefs related to Plaintiffs' second request for leave to amend their complaint, filed more than twenty months after this case began. The primary dispute between the parties is whether Plaintiffs' proposed amendments are legally futile, both under Indiana law and a stipulation entered by the parties in a related bankruptcy matter. Having reviewed the various arguments advanced by the parties, the Court concludes that Plaintiffs must be permitted to amend their complaint. However, the Court concludes that the scope of the proposed amendment is inappropriate and Plaintiffs' right to amend will be limited as set forth below.

**A.**     **Factual and Procedural Background**

This employment discrimination action was filed in April 2018, with an Amended Complaint filed in September 2018. After a year of litigation, Defendant Jack Cooper Transport Company filed bankruptcy, staying this action. The automatic stay was in place for four months, with litigation resuming in December 2019. Plaintiffs' motion seeking leave to amend their complaint for a second time was filed six days after the stay was lifted.

As set forth in that motion, Plaintiffs want to amend their complaint for a second time to make the following changes: (1) remove Ariel Montgomery as a plaintiff; (2) include an additional claim by Plaintiff Jarren Austin against an additional defendant, Michael Riggs; (3) add an additional plaintiff, James Thompson; and (4) add Defendants' insurers as defendants. (ECF No. 64 at 2). Defendants assert that the proposed amendments are legally futile and would prejudice their defense.

**B.     Legal Analysis**

**1.     *Standard of Review***

As both parties note, leave to amend a complaint should be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). However, a district court is not required to permit an amendment where there is undue delay, bad faith, dilatory motive, undue prejudice, or when the amendment would be futile. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). An amendment is futile if the added claim would not survive a motion for summary judgment. *Id.*

**2.     *Dismissal of Ariel Montgomery***

Defendants first assert that amendment is not necessary to dismiss the claims of Ariel Montgomery because that could be "accomplished by a joint stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." (ECF No. 72 at 6). The Court disagrees. Rule 41(a) speaks in terms of dismissing an "action" but does not mention the dismissal of individual claims. *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule 41(a)(1) speaks in terms of dismissing an action, not a claim). The Rule does not apply here, then, where numerous claims by numerous plaintiffs would continue to pend against numerous defendants.

It is the usual practice of this Court to require the filing of an amended complaint to remove individual parties or claims. The filing of the amended complaint effectively terminates the sought-to-be-dismissed claim, as an amended complaint supersedes an original complaint and renders the original complaint void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court sees no reason to depart from that practice here. Therefore, Plaintiffs will be granted leave to amend their complaint to remove Ariel Montgomery as a party-plaintiff.

### 3. *Addition of Defendants' Insurers*

The parties next dispute Plaintiffs' right to add Defendants' insurers, American International Group, Inc. ("AIG") and National Union Fire Insurance Company of Pittsburgh, Pa. ("National"), as party-defendants. According to Defendants, Plaintiffs attempt to add AIG and National runs afoul of Indiana's prohibition against so-called "direct action" suits. *See*, *e.g.*, *Wilson v. Continental Cas. Co.*, 778 N.E.2d 849, 851 (Ind. Ct. App. 2002) ("An injured third party does not have the right to bring a direct action against a wrongdoer's liability insurer."). Plaintiffs counter that this is not a direct action claim, but instead a claim for declaratory judgment which is exempted from the direct action rule. *See*, *e.g.*, *City of South Bend v. Century Indem. Co.*, 821 N.E.2d 5, 13 (Ind. Ct. App. 2005). While the Court agrees with Plaintiffs on the applicability of the direct action rule, it nonetheless concludes that it lacks jurisdiction over Plaintiffs' declaratory judgment action as it is proposed.

Any discussion of the proposed amended complaint as to the insurers must begin by noting the dearth of allegations against them. AIG and National are mentioned in only one paragraph of the proposed Second Amended Complaint (*see* ECF No. 64-3 at 4). The "allegations" against the insurers are that they insure Defendants for "both management and professional liability," and that they are liable for the acts of their insureds. (*Id.*). The only other indication that the insurers are

3

involved is a stand-alone reference to "declaratory relief" in the prayer for relief. (*Id*. at 39). No other allegations or claims against the insurers are made.

Plaintiffs assert two bases for this Court's jurisdiction over their suit: federal question under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. (*Id*. at 5–6). Presumably, Plaintiffs are invoking § 1367 with respect to the declaratory judgment action, as suits brought under the Declaratory Judgment Act (28 U.S.C. § 2201) have no independent jurisdictional basis. *GNB Battery Techs., Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995). Supplemental jurisdiction can be an appropriate vehicle for bringing a declaratory judgment action before the same court that is hearing the underlying tort claim. *See*, *e.g.*, *O'Bannon v. Friedman's, Inc.*, 437 F. Supp. 2d 490 (D. Md. 2006).

The problem with exercising supplemental, or any other, jurisdiction over Plaintiffs' proposed claims against AIG and National is that it is not at all clear that those parties have an actual case or controversy. Both the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and Article III of the Constitution, Const. art. 3, s 2, require the existence of a case or controversy before jurisdiction will lie. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–40 (1937). A "controversy" in this context must be "definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id*. at 240 (citations omitted). It is insufficient that an actual controversy may occur in the future; it must presently exist in fact. *J.N.S., Inc. v. State of Ind.*, 712 F.2d 303, 305 (7th Cir. 1983).

Plaintiffs' claim against AIG and National, at least as currently pled, does not demonstrate the existence of an actual controversy involving the insurers. There is no indication that either

insurer has disputed coverage for Defendants' potential liability. *O'Bannon*, 437 F. Supp. 2d at 492. The Court has no information stating that either insurer has declared the applicable policies void. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 682 (7th Cir. 1992). For all the Court knows one or both insurers may have already accepted coverage, provided a defense, and are standing ready to indemnify their insureds from potential liability. If that were the case, Plaintiffs' declaratory judgment claim would be a great waste of time and resources.

Construing all allegations in Plaintiffs' favor, the Court concludes that the proposed Second Amended Complaint could not survive a facial subject matter jurisdiction challenge with respect to the declaratory judgment claim. *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). None of the allegations can fairly be read to plausibly demonstrate a controversy over the insurers' coverage for Defendants' alleged liability. Therefore, the Court concludes that Plaintiffs' proposed claims against AIG and National are legally futile as pled and leave to amend the complaint to add these insurers as party-defendants will be denied.

**4.     *Addition of James Thompson***

The parties raise several arguments with respect to the claims of James Thompson, but the Court finds one dispositive. As noted earlier, this case came to a standstill when the corporate Defendants filed bankruptcy last year. The automatic stay resulting from that bankruptcy filing was not lifted until after the issuance of an order by the United States Bankruptcy Court for the Northern District of Georgia that approved a stipulation between the parties setting forth the extent to which the stay would be lifted. (ECF No. 62 at 5–19; 63). Therefore, any claim that is permitted to proceed in the face of the automatic stay must fall within the parameters of the stipulation.

The first issue presented by the filings is fundamental to any analysis: what is the name of the proposed plaintiff? In the motion for leave and the proposed complaint, Plaintiffs identify

5

***James*** Thompson as the individual to be added. (ECF Nos. 64 at 2; 64-3 at 1). As Defendants correctly note, ***James*** Thompson is not a party to the stipulation. (ECF No. 62 at 9). In their reply, Plaintiffs argue that ***David*** Thompson is a party to the stipulation (and he is), and therefore ***David*** Thompson's claims are covered by the stipulation. (ECF No. 78 at 7).

The Court finds that one of two things is going on here. First, David and James Thompson might be different people. In that case, James Thompson is not a party to the stipulation lifting the stay and his claims are not covered by the stipulation. Those claims would remain subject to the automatic stay under 11 U.S.C. § 362. *In re Dublin Props.*, 27 B.R. 506 (Bankr. E.D. Penn. 1983) (limiting modification of automatic stay to the terms of parties' agreement).

It is also possible that, through the inadvertent use of a nickname or middle name, that David and James Thompson are the same person. In this case, Plaintiffs are correct that Thompson is a party to the stipulation. However, the Court does not find that his status as a party, in and of itself, means that the proposed new claim is covered by the stipulation. The "Subject Claims," i.e., those that are covered by the stipulation, are "an asserted racial discrimination claim" against Defendants as well as "the commencement and adjudication" of a claim for violations of the Uniformed Services Employment and Reemployment Rights Act of 1994. (ECF No. 62 at 10–11). Therefore, the Court must determine whether Thompson's claim falls within one of these two categories.

Since the stipulation is contractual in nature, the Court will use contract principles in interpreting the language. *See*, *e.g.*, *Scott v. Corcoran*, 135 N.E.3d 931, 939 (Ind. Ct. App. 2019) (addressing stipulations in a marital settlement agreement). Therefore, the Court will give effect to the intentions of the parties as expressed in the four corners of the instrument, with clear, plain, and unambiguous terms deemed conclusive of that intent. *Trustees of Ind. Univ. v. Cohen*, 910

N.E.2d 251, 257 (Ind. Ct. App. 2009). The unambiguous language of the stipulation establishes clear temporal relationships between the categories of claims covered by the stipulation and the stipulation itself. There are the racial discrimination claims that have been "asserted" (filed before the stipulation) and claims under USERRA that are awaiting "commencement" (to be filed after the stipulation). Thompson's proposed claims do not fall under either category. Thompson is claiming racial discrimination, but his discrimination claims had not been asserted at the time of the stipulation. Nor is Thompson claiming a violation of USERRA, the only claims eligible to be filed after the stipulation. Thompson's claims, then, do not fall within the scope of the stipulation agreed to by the parties.

Thompson's inability to bring claims within the scope of the stipulation is fatal to his ability to bring those claims before the Court. The stipulation unambiguously provides that, "[o]ther than as set forth herein, the Automatic Stay shall remain in full force and shall not be modified." (ECF No. 62 at 16). Only the bankruptcy court in Georgia, and not this Court, can modify the stay. *Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969, 975 (Bankr. N.D. Ill. 1992). Because Thompson's newly-asserted claims would violate the terms of the stay modification, they cannot be pursued in this Court while the stay remains in place. Therefore, Plaintiffs will not be granted leave to amend their complaint to add Thompson's claims.

**5.** *Addition of Jarren Austin's Defamation Claim Against Michael Riggs*

Defendants advance two arguments in opposition to the addition of Jarren Austin's defamation claims. First, Defendants claim that Austin's claim fails on the merits because Riggs' statements were true. Second, they assert that Austin's claim against Riggs is really a claim against Defendant Jack Cooper Transport, and therefore would violate the bankruptcy stay. The Court is not persuaded by either argument.

7

The Court agrees with Plaintiffs that the truthfulness of Riggs' statements is not before the Court currently. "[T]he substantive merits of a proposed claim are typically best left for later resolution, *e.g.*, under motions to dismiss or for summary judgment." *Rambus, Inc. v. Infineon Techs. AG* (E.D. Va. 2004); *see also Peterson Steels v. Seidmon*, 188 F.2d 193, 194 (7th Cir. 1951) ("As a general rule the court will not pass upon the sufficiency of an amended complaint upon motion for leave to file."). Riggs' statements may or may not have been true, but the resolution of that issue will not be made now.

The Court also agrees with Plaintiffs that Austin can pursue a claim against Riggs personally. Where an agent or servant of an entity commits a wrongful act, "both master and servant are liable for any injury and damages caused by such negligence, *and either or both may be sued therefor at the option of the injured party*." *United Farm Bureau Mut. Ins. Co. v. Blossom Chevrolet*, 668 N.E.2d 1289, 1291 (Ind. Ct. App. 1996), *disapproved of on other grounds Pelo v. Franklin College of Ind.*, 715 N.E.2d 365 (Ind. 1999), and quoting *Henry B. Steeg and Assocs. v. Rynearson*, 241 N.E.2d 888, 889 (1968) (original emphasis). Defendants' cases dealing with "official capacity" cases under § 1983 are inapplicable to Austin's state law defamation claim. (ECF No. 72 at 12). The Court concludes that Austin's claim is appropriate and leave to amend will be granted to add the defamation claim and to add Riggs as a defendant.

**6.**     *Prejudice to Defendants*

Finally, Defendants urge the Court to deny Plaintiffs the right to amend on the grounds that Defendants would be prejudiced by the amendment. It is true that the Court "need not allow an amendment when there is undue delay or undue prejudice to the opposing party." *Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016). However, under the amendment permitted by this Opinion and Order, the Court can see little prejudice to Defendants. The only substantive claim that will be

added to the complaint is Austin's claim for defamation. As Plaintiffs note, Austin's claim did not even arise until after Plaintiffs' first amendment to the complaint. The claim is also brought well-within the statute of limitations. *See* Ind. Code § 34-11-2-4(a). Accordingly, the Court finds no undue delay.

Nor does the Court find undue prejudice. Defendants assert that "the effect of the amendment in this case would be to start from square one on discovery," but the Court fails to see how that is true. All the discovery performed to date on the racial discrimination claims would be unaffected by the new defamation claim. While additional, limited discovery will have to be performed with respect to the defamation claim, including a second deposition of Austin limited to that claim, the Court does not find that this additional discovery amounts to sufficient prejudice to prevent amendment. Therefore, the Court will not bar Plaintiffs' amendment on prejudice grounds.

**C. Conclusion**

For the foregoing reasons, Plaintiffs' Second Motion for Leave to Amend Complaint (ECF No. 64) is GRANTED in part and DENIED in part. Plaintiffs are directed to file a Second Amended Complaint removing Ariel Montgomery's claims, adding Michael Riggs as a party-defendant, and adding Austin's defamation claim against Riggs. No other amendments to the First Amended Complaint shall be made. The Second Amended Complaint must be filed no later than April 10, 2020.

SO ORDERED on March 24, 2020.

                                          s/ Holly A. Brady
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT