UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JARREN AUSTIN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 1:18-CV-82-HAB |
| ) | |
| AUTO HANDLING CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On March 4, 2020, this Court entered its Order and Opinion (ECF No. 81) (the "Order") granting in part and denying in part Plaintiffs' second attempt to revise their complaint. Included in the Order was a determination that proposed plaintiff James (or David) Thompson could not bring an employment discrimination claim in this action because his claim did not fall within the scope of a stipulation to lift the automatic stay resulting from Defendants' bankruptcy. The Court concluded, based on the plain language of the stipulation, that Thompson's claim was not one of the "Subject Claims" for which the stay was lifted. (ECF No. 81 at 5–7).

Plaintiffs now ask the Court to reconsider that part of the Order. Plaintiffs raise three grounds for reconsideration: (1) to clarify that that alternatively named James/David Thompson is one person, James David Thompson; (2) to apply New York law in interpreting the stipulation, rather than Indiana law, consistent with the stipulation's choice of law clause[1]; and (3) to interpret the stipulation as lifting the stay on Thompson's proposed claim. Defendants disagree, urging that

---

[1] The choice of law clause was not raised by either party during the briefing on the motion for leave to amend. In fact, neither party engaged in any meaningful discussion of the stipulation beyond noting the names that did or did not appear on its list of parties. This left the Court to assume the role as the proverbial "pig[], hunting for truffles buried in the record." *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 702 (7th Cir. 2010). Unfortunately, the Court's hunt did not turn up truffles, but instead the legal equivalent of Indiana's poisonous Amanita mushroom.

Plaintiffs have not identified good cause for this Court to revisit the Order, and further asserting that this Court's original reading of the stipulation was correct.

Now that the parties are asking this Court to do more than read the names on the stipulation, a fundamental question of this Court's jurisdiction arises. In the United States Bankruptcy Court for the Northern District of Georgia's Order Approving Stipulation Modifying the Automatic Stay, the order that lifted the automatic stay in Defendants' bankruptcy pursuant to the terms of the parties' stipulation, that court expressly retained "exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of" its order. *In re: Jack Cooper Ventures, Inc.,* et al., Case No. 19-62393, Dkt. No. 437 (Bankr. N.D. Ga. November 20, 2019). The bankruptcy court's retention of jurisdiction was appropriate, since "bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner." *Kalamazoo Realty Ventures Ltd. P'ship v. Blockbuster Entm't Corp.*, 249 B.R. 879, 887 (N.D. Ill. 2000) (quoting *In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986)).

Given the bankruptcy court's retention of exclusive jurisdiction, this Court concludes that it cannot interpret the stipulation as urged by Plaintiffs or Defendants. Indeed, this Court cannot interpret the stipulation at all. That job belongs solely to the United States Bankruptcy Court for the Northern District of Georgia. Therefore, since the motion to reconsider would require interpretation of the stipulation, it must be denied. If the bankruptcy court interprets its order and the stipulation in a manner inconsistent with the Order, Plaintiffs will be given leave to amend their complaint to add Thompson at that time.

For the foregoing reasons, Plaintiffs' Motion to Reconsider is DENIED.

SO ORDERED on May 13, 2020.

                                               s/ Holly A. Brady
                                               JUDGE HOLLY A. BRADY
                                               UNITED STATES DISTRICT COURT