UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JARREN AUSTIN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 1:18-cv-00082-HAB-SLC |
| ) | |
| AUTO HANDLING CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is a "Motion for Reconsideration" filed by *pro se* Plaintiff Jarren Austin on May 20, 2021, asking the Court for "legal assistance" and asserting that he is unable to represent himself in this case "due to lack of legal knowledge." (ECF 146). It is unclear in the motion, however, whether Austin is asking the Court to reconsider its March 1, 2021, ruling allowing his prior attorney, Robin Clay, to withdraw her representation of Austin (ECF 140), or whether he is asking that the Court recruit new counsel to represent him in this matter. No other party has filed a response to the motion, and the time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(A).

*A. Motion to Reconsider*

To the extent that Austin is asking the Court to reconsider the withdrawal of Attorney Clay, the motion to reconsider is without merit. A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to

remedy "rarely arise and the motion to reconsider should be equally rare" (citation omitted)). Here, Austin merely asserts that "Robin Clay knows this case" and that every attorney he has spoken with has told him "there is no money to be made." (ECF 146 at 1). Such assertions, however, do not rise to the level of "newly discovered evidence" to warrant reconsideration of the Court's prior ruling. Consequently, to the extent Austin's motion is intended as a motion to reconsider, the Court will DENY the motion and STAND BY its prior decision allowing Attorney Clay to withdraw. (ECF 140).

### B. Request for Court-Recruited Counsel

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when a plaintiff is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), or in Title VII cases "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1).[1]

---

[1] The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018) (citation omitted); *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 F. App'x 672, 675 (7th Cir. 2009) (applying the *Pruitt* factors in a Title VII case); *see also Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII (citation omitted)).

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (citation and internal quotation marks omitted). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted). Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* If the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel "is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*; *see also*

To the extent that Austin is asking for Court-recruited counsel, Austin has not satisfied the threshold requirements of financial need for such a request. Under Title VII, one threshold factor to consider is a "plaintiff's financial ability to retain private counsel." *Poulakis v. Amtrak*, 139 F.R.D. 107, 110 (N.D. Ill. 1991) (citing *Darden*, 797 F.2d 497). Similarly, "a proceeding *in forma pauperis* to 28 U.S.C. § 1915 is a pre-requisite to appointment of counsel under § 1915(e)(1)." *Hairston v. Blackburn*, No. 09-cv-598, 2010 WL 145793, at *10 (S.D. Ill. Jan. 12, 2010) (citing *Pruitt*, 503 F.3d at 649). While Austin claims in his motion that he is barely able to support himself "[d]ue to garnishments" (ECF 146 at 1), he has not supported this claim by filing evidence of his financial limitations, nor requested and been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF 1 (filing fee of $400 paid)).

Furthermore, Austin *has* been able to hire not just one attorney, but several attorneys to represent him in this case. (ECF 5, 47-49, 73, 111-12). All of these attorneys, however, eventually filed motions to withdraw their representation of Austin. (ECF 35, 93, 100-01, 113, 115, 126, 137). A repeating theme in several of the motions is a breakdown in communication between Austin and his attorney. (ECF 35, 100-01, 126, 137). While Austin indicates in the present motion that he has contacted at least three attorneys but none have taken his case (ECF 146 at 2), there is no indication that these attorneys declined to take his case due to his inability to afford counsel. Rather, it is more likely that these attorneys declined to take his case due to his history of being unable to work cooperatively with several of his prior attorneys.

In any event, Austin appears capable of litigating his claims himself, at least at this stage of the proceedings. This suit is relatively straightforward and involves claims of race

---

*McCaa*, 893 F.3d at 1032-33.

discrimination and retaliation based on race, defamation/slander, and false arrest/false imprisonment. (ECF 1); *see, e.g.*, *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying the plaintiff's request for counsel in a straightforward national origin discrimination case, noting that the issue did not involve any "'nonintuitive procedural requirements applied in a setting of complex legal doctrine'" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991))).

Austin has prepared and filed *pro se* two motions and one letter with the Court. (ECF 136, 141, 146). He also has appeared at several conferences before the Court, at which he was able to adequately articulate his position. (ECF 105, 129, 140, 143, 145). Thus, it is evident that Austin is literate and has adequate communication skills, at least for purposes of representing himself. Moreover, the facts of this case are within Austin's personal knowledge to at least some degree, so the task of discovery does not appear particularly complex. Austin is not incarcerated, and thus, has the freedom and ability to perform his own legal research. For these reasons, Austin appears to be capable of representing himself in this suit at this juncture. *See Zarnes*, 64 F.3d at 289.

### C. Conclusion

To the extent Austin's Motion for Reconsideration asks the Court to reconsider its March 1, 2021, ruling granting his prior counsel's second motion to withdraw (ECF 140), the motion (ECF 146) is DENIED. The Court STANDS BY its prior ruling (ECF 140) allowing Attorney Clay to withdraw.

To the extent Austin's Motion for Reconsideration is a request for Court-recruited counsel, the motion (ECF 146) is also DENIED. Austin has failed to show that an inability to

afford counsel has prevented him from retaining counsel, *see* 28 U.S.C. § 1915(e)(1), or that the instant circumstances—which include his repeated inability to cooperate with his prior counsel—make the Court's recruitment of counsel on his behalf "just," 42 U.S.C. § 2000e-5(f)(1).

SO ORDERED.

Entered this 11th day of June 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge