UNITED STATES DISTRIC COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JARREN AUSTIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CV-82-HAB |
| | ) | |
| AUTO HANDLING CORPORATION, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Jarren Austin ("Austin") has worn out his welcome with two law firms. Now, more than nine months after his last attorney was permitted to withdraw and the magistrate judge declined to appoint him counsel, Austin calls those decisions an abuse of discretion.

**I.      Procedural History**

In February 2021, Austin's second set of attorneys, Robin Clay and Alexandra Curlin, moved to withdraw their representation. (ECF No. 137). They alleged, generally, that the attorney-client relationship had broken down due to differences of opinion as to how the case should be pursued. Indeed, the motion was filed only days after Austin filed a letter with the Court complaining about Attorney Clay's representation. (ECF No. 136). The magistrate judge held a telephonic hearing on counsel's motion, which Austin attended. (ECF No. 140). The magistrate judge granted the motion at the hearing and stayed discovery for thirty days to allow Austin to find replacement counsel. (*Id.*).

Almost three months later, Austin filed a Motion for Reconsideration. (ECF No. 146). It is not immediately clear from the text of that motion whether Austin wanted his prior attorneys

reinstated or if he wanted the Court to appoint him counsel. No matter: the magistrate judge denied both requests. (ECF No. 147).

Now, more than nine months after the magistrate judge's ruling, Austin has filed his Belated Motion for Filing Appeal from Relief of Order by District Court & Request for Reversal of it's Decision for Abuse of Discretion. (ECF No. 162)[1]. Although filed with this Court, Austin seeks relief from the United States Court of Appeals for the Seventh Circuit. Austin argues that the magistrate judge abused her discretion by allowing his counsel to withdraw and failing to appoint counsel. Austin understands that his attempt to appeal is too late but argues that "**it is very important to consider a ruling or order based on the Merits** [sic]." (*Id*. at 2) (original emphasis).

II.     **Legal Discussion**

A.      **Austin May Not Appeal the Magistrate Judge's Ruling to the Seventh Circuit**

There are all sorts of problems with Austin's attempt to advance this case to Chicago. First, the magistrate judge's non-dispositive order on representation is not a final, appealable order. Rather, the order was interlocutory. For the Seventh Circuit to exercise jurisdiction, then, the order must satisfy the requirements of 28 U.S.C. § 1292(b).

The statute's first requirement is that the district court must certify the interlocutory order as appealable. "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement:

---

[1] The header of Austin's motion is the following quote, attributed to Abraham Lincoln: "He who represents himself has a fool for a client." (ECF No. 162 at 1). The attribution to Lincoln is likely erroneous. Versions of the quote appear in literature as far back at the Seventeenth Century.

https://quoteinvestigator.com/2019/07/30/lawyer/#:~:text=Abraham%20Lincoln%20reportedly%20employed%20the,a%20fool%20for%20a%20client

the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (original emphasis).

The Court has not certified the magistrate judge's order as appealable, nor could it under the requirements of section 1292(b). First, Austin's quarrel with the magistrate judge is not legal, it is factual. Austin concedes that the magistrate judge applied the correct legal standard. (ECF No. 164 at 5–6). But Austin argues that the magistrate judge failed to consider his lack of legal training when she declined to appoint counsel. (*See Id*. at 4) ("Nevertheless, this court **ABUSED ITS DISCRETION & ordered a general laborer with a mere GED education to handle his own case**.") (original emphasis). Because there is no legal question to resolve, the order cannot be certified.

Nor is the issue controlling. The resolution of this case does not rise or fall on Austin's representation or lack thereof. Rather, this is an employment discrimination case. No matter how a reviewing court may rule on an appeal, then, this case would continue. *See Ahrenholz*, 219 F.3d at 677 (noting that a controlling issue is one that could "head off protracted, costly litigation").

Finally, Austin's motion comes well-beyond a reasonable time for appeal. As noted above, Austin waited more than nine months to file this appeal. While he claims ignorance of the appellate rules, he nonetheless was aware of the order relieving his prior counsel; he was present at the hearing where that ruling was entered. If Austin wanted to challenge that determination, he should not have waited nearly a year to do so. *See NECA-IBEW Pension Tr. Fund v. Bays Electric, Inc.*, No. 08-CV-2133, 2012 WL 13128183, *2 (C.D. Ill. Jan. 4, 2012) (finding a three-month delay to be unreasonable).

The outlook is more dire if the magistrate judge's order had been appealable as of right. Federal Rule of Appellate Procedure 4 states that, in civil cases, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). This deadline is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Even though the notice of appeal deadline is jurisdictional, a party may move for an extension of the deadline no later than thirty days after the deadline expires. Fed. R. App. P. 4(a)(5)(A)(i). A district court may extend the appellate deadline only upon a showing of good cause or excusable neglect. *Nartey v. Franciscan Health Hosp.*, 2 F.4th 1020, 1024 (7th Cir. 2021); Fed. R. App. P. 4(a)(5)(A)(ii). District courts enjoy "wide latitude" in determining whether a litigant's excuse for missing a deadline constitutes good cause or excusable neglect. *Nartey*, 2 F.4th at 1020.

Austin did not file a notice of appeal within thirty days after the magistrate judge's order or within the thirty-day deadline for an extension. The Court, then, has no jurisdiction to accept a notice of appeal from Austin, nor does the Seventh Circuit have jurisdiction to hear an appeal. To the extent Austin is asking for leave to file a belated appeal, that request must be denied.

Even if there was no jurisdictional bar, Austin has raised no grounds that would support the exercise of the Court's discretion. Austin states only that he missed the appeal deadlines due to his lack of familiarity with the rules. This is not "good cause" for filing a belated appeal. *Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015); *United States ex rel. Leonard v. O'Leary*, 788 F.2d 1238, 1240 (7th Cir. 1986). Austin knew he would be proceeding *pro se* in March of last year. That he just now appreciates the rules that govern his case is of no consequence.

**B.      This Court will not Review the Magistrate Judge's Order**

Even though Austin's motion was expressly directed to the Seventh Circuit, it's possible that Austin meant to avail himself of a different kind of review. Fed. R. Civ. P. 72(a) provides that where a party objects to the magistrate judge's ruling on a non-dispositive pre-trial matter, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Objections to a magistrate judge's order must be filed and served within 14 days of the challenged order. *Id*. Unlike the appeal deadline, the objection deadline is not jurisdictional. *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000). The Seventh Circuit has explained that there is no bar to considering an untimely objection that "was not egregiously late and caused not even the slightest prejudice to" the opposing party. *Id.*

Reasonable minds could differ as to the amount of prejudice Austin's belated filing has caused. That said, the objection is "egregiously late" under any definition of that phrase. *See id.* (one day late not egregious); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994) (three weeks late not egregious). As noted throughout this order, Austin waited nine months to file his objection. His only excuse for this delay is his lack of familiarity with the rules of civil and appellate procedure. These are not the kind of circumstances under which the Court is inclined to drastically extend the time for review of the magistrate judge's decision.

But even if the Court did review the magistrate judge's decision, the outcome would not change. Pro se litigants have no constitutional or statutory right to be represented by court-appointed counsel, and the Court has no obligation to appoint counsel for pro se litigants. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072 (7th Cir.1992) (quoting *McNeil v. Lowney*, 831F.2d 1368 (7th Cir.1987)). However, 28 U.S.C. § 1915(e)(1) permits the Court, in its discretion, to appoint

5

counsel, when a litigant cannot afford to hire counsel. The Court will appoint counsel in a few select cases where an attorney seems particularly appropriate or important.

Where the litigant cannot afford counsel, the Seventh Circuit has indicated that the Court should make a threshold inquiry into whether the movant has made unsuccessful attempts to obtain counsel. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Where the Court is satisfied that the movant either made reasonable attempts to obtain counsel, or that circumstances precluded him from doing so, the Court should ask, "[G]iven the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id*. at 654. The Seventh Circuit has noted that these "inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. at 655.

Austin's problems begin at the outset of the inquiry: his ability to afford counsel. Austin has stated that "due to garnishments, [he's] barely able to support" himself." (ECF No. 146 at 1). However, as the magistrate judge noted, Austin did not support that claim "by filing evidence of his financial limitations, nor requested and been granted leave to proceed *in forma pauperis*." (ECF No. 147 at 3). Austin has still, nine months later, not provided the Court with evidence of his financial condition. Nor has he sought leave to proceed IFP. *See Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (appointment of counsel part of IFP statute). The Court, then, cannot make the threshold finding necessary for the appointment of counsel. This is enough to refuse to appoint counsel. *Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 501 (7th Cir. 1986) ("Similarly, a plaintiff with a very strong case may be refused appointed counsel because he or she is able to pay for counsel.").

Nor does the Court find that the nature of the case mandates appointed counsel. This is not, as Austin seems to believe, a class action suit. (*See* ECF No. 162 at 3-4). Instead, he is one of many

6

plaintiffs with individual claims against Defendants. Those claims arise from events that Austin claims he directly experienced. Austin, then, can articulate the underlying facts better than anyone else. And while Austin believes that the case is a "VERY COMPLEX LEGAL MATTER" (*Id*. at 3), there is nothing inherent about a discrimination claim that requires appointed counsel. *Brooks v. Complete Warehouse & Distribution LLC*, 708 Fed. Appx. 282, 285-86 (7th Cir. 2017).

The Court recognizes Austin's claims that he lacks the education or legal knowledge to prosecute his claims on his own. Yet Austin has attended at least two hearings without counsel and without incident. It may be that the case will reach a point where it is too complex for a layman to handle, but Austin has failed to demonstrate that time is now.

The Court's decision is also informed by Austin himself. Austin is not the normal plaintiff seeking appointed counsel. That person has generally filed suit *pro se* only to find that the rigors of federal litigation are too much. Austin, on the other hand, has been represented by two different firms. Both have seen fit to terminate the attorney-client relationship with him, and him only, due to a breakdown in communications. (*See* ECF Nos. 100, 137). The common denominator is Austin and his seeming inability to play nice with his lawyers.

Section 1915(e)(1) lets the Court recruit counsel, but it "does not authorize the federal courts to make coercive appointments of counsel." *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Members of the federal civil bar are busy attorneys with clients that, more often than not, heed their advice. The Court is unwilling to tax those lawyers with an unsophisticated client that thinks he knows better.

**III.   Conclusion**

For these reasons, Austin's Motion (ECF No. 162) is DENIED.

SO ORDERED on March 28, 2022.

                                              s/ Holly A. Brady
                                             JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT