UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JAMAR SHEPHERD, et al.,         )
                                   )
      Plaintiffs,         )
                                   )
v.                       )      Cause No. 1:18-CV-82-HAB
                                   )
AUTO HANDLING CORPORATION,     )
et al.,                    )
                                   )
      Defendants.      )

**OPINION AND ORDER**

Plaintiff Jamar Shepherd ("Shepherd") claims that Defendants[1] discriminated against him by exposing him to a racially hostile work environment and firing him without cause. Defendants disagree and have moved for summary judgment. (ECF No. 214). That motion is now fully briefed (ECF Nos. 217, 247, 273) and ready for ruling.

I.      **Factual Background**

A.      ***JCTC, its Hiring Practices, and Walters***

JCTC is a transport company responsible for shipping finished vehicles from General Motor's Fort Wayne, Indiana, plant to dealerships. Shepherd began working for JCTC in March 2014. Like all JCTC employees, Shepherd began as a "casual." Casuals are on-call employees. When a full-time employee called off because of illness or vacation, a supervisor would go down a "casual list" and call casuals until he had covered the needed positions. Casuals were paid the

---

[1] The two corporate Defendants filed for Chapter 11 bankruptcy in August 2019 and were dissolved as of November 2019 after their assets were sold. New entities were formed to acquire the assets and operate the business related to the assets. The corporate entity that now operates the business where all these events took place is called Jack Cooper Transport Company, LLC ("JCTC"). For simplicity's sake, the Court will refer to Shepherd's employer JCTC in this Opinion.

same as full-time employees and performed the same jobs. The primary differences between the two classes of employees were that full-time employees had set schedules and benefits.

**B.**     *Shepherd's Discipline and Termination*

JCTC had a policy restricting cell phone use during work hours to emergency use only. Shepherd was admonished for being on his phone by Brad Atchison ("Atchison"), one of Shepherd's supervisors. The admonishment came after Atchison had received "numerous complaints" about Shepherd using the phone during work hours. Shepherd believed that Atchison treated him differently based on Shepherd's race because, according to Shepherd, white casuals were on their phone during work hours and were not reprimanded. Shepherd cannot, however, identify any white employees who were on their phone and not reprimanded, nor can Shepherd say for sure whether Atchison reprimanded any white employees for using their phone.

Shepherd was also involved in an accident that resulted in vehicle damage in June 2014. Shepherd was not terminated for the accident.

Shepherd's last shift was in February 2015. JCTC was short staffed that day; Shepherd worked with only one other employee, a white full-time employee named Jeremy, where there would usually be four or five casuals on a shift. At 1:30 p.m., Jeremy was preparing to take his last break of the day. Shepherd told Jeremy that he had not taken any breaks that day, despite being allowed two fifteen-minute breaks and one thirty-minute break. Jeremy told Shepherd to take a break.

Shepherd went to the break room to eat lunch. At some point during Shepherd's lunch, the terminal manager walked by the break room, saw Shepherd eating, and said "hi."

After the lunch break was over, Shepherd returned to the yard and saw that additional employees had been brought on to help during his lunch. Shepherd was approached by a yard

2

supervisor, Matt, who told Shepherd that the terminal manager wanted Shepherd to go home. Shepherd asked why, and Matt responded that he didn't know. Shepherd then spoke to Atchison, and Atchison said that the terminal manager wanted Shepherd to go home because Shepherd wasn't working.

About a week later, Shepherd stopped into the terminal manager's office without an appointment. Shepherd told the terminal manager that, when the terminal manager had seen Shepherd in the break room, it was Shepherd's first break. The terminal manager responded that Matt had said that Shepherd wasn't working and advised that Shepherd should be sent home. After the meeting, Shepherd was never called back to work by JCTC.

## C.    *Shepherd's Workplace Complaints*

Shepherd never complained about discrimination during his employment with JCTC, nor did he ever witness any racially discriminatory conduct or speech. But Shepherd heard that other employees made derogatory jokes. And, while Shepherd believes that Matt and Atchison harassed him, he never heard either make a reference to his race or heard them make any negative comment about race.

## II.    Legal Analysis

## A.    *Summary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't*

*of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists cannot create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A court is not "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

**B.**     ***Shepherd Cannot Show a Hostile Work Environment***

Shepherd has alleged two federal discrimination-based claims: racially hostile work environment and disparate treatment. The Court will address each in turn.

To recover on his claim for a racially hostile work environment under Title VII, Shepherd must establish that: (1) the work environment was both subjectively and objectively offensive; (2) race was the cause of the harassment; (3) the conduct was severe or pervasive; and (4) there is a basis for employer liability. *Hancick v. Hanna Steel Corp.*, 653 F.3d 532, 544 (7th Cir. 2011). When assessing whether a work environment is hostile, courts will look at the totality of the circumstances and specifically to: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4)

whether it unreasonably interferes with an employee's work performance. *Rodgers v. W.– S. Life Ins. Co.*, 12 F.3d 668, 674 (7th Cir. 1993). Relatively isolated incidents of trivial misconduct do not support a hostile environment claim. *Saxton v. Am. Tel. & Tel. Co.*, 10 F.3d 526, 533 (7th Cir. 1993).

Shepherd points to only one instance in support of his hostile work environment claim: Atchison's reprimand for Shepherd's phone use. (ECF No. 245 at 3). It is true that there is no "magic number" of instances that create a hostile work environment. *Alamo v. Bliss*, 864 F.3d 541, 550 (7th Cir. 2017). That there is only one instance, then, is not determinative. But what is determinative is that this instance is neither "pervasive" nor "severe." A workplace reprimand is less severe than the use of the n-word or other racial epithets that have supported a hostile work environment claim despite isolated instances. *See Cerros* 398 F.3d at 950-51. And the Court does not find this single incident to be "extreme" or numerous enough to be pervasive. *E.E.O.C. v. Costco Wholesale Corp.*, 903 F.3d 618, 625 (7th Cir. 2018). Finally, there is no evidence that the conduct affected Shepherd's ability to work. *Hambrick v. Kijakazi*, --- F.4th ---, 2023 WL 5319242, at *4 (7th Cir. Aug. 18, 2023) ("[i]nsults, personal animosity, and juvenile behavior are insufficient evidence of a hostile work environment unless they are so pervasive or severe as to interfere with an employee's work performance").

Shepherd may believe that Atchison's reprimand was unfair or unnecessary, but that does not turn a single instance of facially race-neutral activity into a legally actionable hostile work environment. Instead, there is no formulation of the hostile work environment standard that fits the facts in this case. Defendants are entitled to summary judgment on the hostile work environment claim.

C.      *Shepherd Cannot Show Disparate Treatment*

Disparate treatment claims may be reviewed on summary judgment under the direct or the burden-shifting methodologies created by *McDonnell Douglas. v. Green*, 411 U.S. 792 (1973). *See David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 224 (7th Cir. 2017); *Smith v. Chicago Transit Auth.,* 806 F.3d 900, 905 (7th Cir. 2015) (noting the *McDonnell Douglas* framework is just "a formal way of analyzing a discrimination case when a certain kind of circumstantial evidence – evidence that similarly situated employees not in the plaintiff's protected class were treated better – would permit a jury to infer discriminatory intent."). When a plaintiff responds to a motion for summary judgment on an intentional discrimination claim by relying on the burden-shifting framework created by *McDonnell Douglas* a court should assess the case in those terms. *Id.*; *see also Ferrill v. Oak-Creek-Franklin Joint Sch. Dist.*, 860 F.3d 494, 499 (7th Cir. 2017) (noting that *McDonnell Douglas* burden-shifting analysis has not been displaced).

Still, in all cases, the question at summary judgment remains: "has the non-moving party produced sufficient evidence to support a jury verdict of intentional discrimination?" *David*, 846 F.3d at 224; *see also See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) (instructing courts to stop separating "direct" from "indirect" evidence and instructing, instead, that the test is "simply whether the evidence would permit a reasonable factfinder to conclude the plaintiff's [protected status] caused the discharge or other adverse employment action). *Liu v. Cook Cty.*, 817 F.3d 307, 315 (7th Cir. 2016) ("The proper question under either method is simply whether a reasonable trier of fact could infer retaliation or discrimination."); *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 840 (7th Cir. 2014) ("[T]he fundamental question at the summary judgment stage is simply whether a reasonable jury could find prohibited discrimination.").

Under the burden shifting method, Shepherd must first establish several prima facie elements of discrimination. To successfully set forth a prima facie case of racial discrimination, Shepherd must show that: 1) he is a member of a protected class; 2) he was meeting his employer's legitimate performance expectations; 3) he suffered an adverse employment action; and 4) other similarly situated employees who were not members of the protected class were treated more favorably. *See Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 142 (2000).

If Shepherd establishes a prima facie case, the burden of production shifts to Defendants to offer a permissible, nondiscriminatory reason for the adverse employment action. *Id*. If Defendants carry this burden, Shepherd must show that Defendants' purported reasons are a pretext for discrimination or that the decision was tainted by impermissible, race-based motives. *Id*. at 143 "'The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Id*. (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

Shepherd identifies JCTC's decision to stop calling him for work as the adverse employment action. (ECF No. 245 at 5). To carry his prima facie burden, then, Shepherd must designate similarly situated employees that were not black and were also treated more favorably. Shepherd's brief doesn't even attempt to identify a proper comparator. The Court will not do so for him.

Seeming to understand this, Shepherd seeks to assert a pattern and practice claim. "Pattern-or-practice claims, like [disparate treatment] claims, represent a theory of intentional discrimination." *Puffer v. Allstate Ins. Co*., 675 F.3d 709, 716 (7th Cir. 2012). A pattern or practice claim "require[s] a 'showing that an employer regularly and purposefully discriminates against a protected group.'" *Id*. A plaintiff bringing a pattern-or-practice claim is required to prove "that

discrimination 'was the company's standard operating procedure—the regular rather than the unusual practice.'" *Id*. (quoting *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336 (1977)).

Defendants, relying on *Lowery v. Circuit City Stores, Inc*., 158 F.3d 742 (4th Cir. 1998), argue that Shepherd, as an individual, non-class claimant, cannot use the pattern and practice method to prove disparate treatment. The United States Supreme Court granted certiorari and vacated *Lowery*, 527 U.S. 1031 (1999), so the Court cannot rely on it. Instead, the Court will follow Seventh Circuit jurisprudence in treating pattern and practice evidence as relevant to the pretext issue. *See Bell v. Envtl. Prot. Agency*, 232 F.3d 546, 553-53 (7th Cir. 2000).

Because pattern and practice evidence is only relevant to pretext, it cannot save Shepherd. Shepherd failed to make out a prima facie case of discrimination, so the burden never shifted to Defendants to show a non-pretextual reason for the firing. The experiences of other individuals, then, have nothing to do with Shepherd's claim. While there isn't a compelling reason for Shepherd's termination in the record, there also is no evidence of race-based discrimination for Shepherd's termination. Summary judgment for Defendants is appropriate.

## III.   Conclusion

For these reasons, Defendants' motion for summary judgment (ECF No. 214) is GRANTED.

SO ORDERED on September 13, 2023.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT